UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RAUH, individually, and as administrator for the estate of Thomas Raugh, et al., | ) ) ) ) | CASE NO. 5:23-cv-2272 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| FUJING ZHENG, et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| DEFENDANTS. | ) ) | |

Before the Court is plaintiffs' Motion for an Order Authorizing Service of Process Through Alternative Means upon defendants Fujing Zheng, Guanghua Zheng, Guifeng Cheng, Songyan Ji, Longbao Zhang, Guangfu Zheng, Qinsheng Pharmaceutical Technology Co., Ltd. ("Qinsheng"), and Global United Biotechnology, Inc. ("Global United"). (Doc. No. 4 (Motion).) For the reasons set forth below, the motion is granted.

### I.   BACKGROUND

Plaintiffs, the Estate of Thomas Raugh ("the Estate") and its administrator, James Rauh ("Rauh"), allege that the Zheng Drug Trafficking Organization ("Zheng DTO"), with which defendants are allegedly affiliated, manufactured and distributed acetyl fentanyl which caused the death of plaintiff James Rauh's son, Thomas Rauh. (Doc. No. 4 ¶ 1–2.) Prior to filing this action, Rauh, in his capacity as the administrator of the Estate, filed a lawsuit against defendants in the Summit County, Ohio Court of Common Pleas. *See James Rauh, Administrator v. Fujing Zheng, et al.*, Summit C.P. No. CV-2020-07-2116 (July 27, 2020).

The Estate first attempted service through registered mail and then attempted service

pursuant to the Hague Convention. (Doc. No. 4-2 (Affidavit in Support of Motion) ¶ 5.) The Estate's attempt to serve defendants at their last known addresses failed because the addresses were either incorrect or no longer valid. (*Id.* ¶ 6.) After failing to identify the correct email addresses for defendants, the Estate sought the state court's permission to serve defendants through publication in the Akron Legal News. (*Id.* ¶ 8.) After the notice ran in the Akron Legal News for several days, the Estate moved for a default judgment. (*Id.*) The state court entered a default and granted a judgment for $18,000,000 in total damages, plus attorney's fees, court costs, and statutory interest. (*Id.*) Plaintiffs filed this case in federal court to reach the Zheng DTO's assets that may not be subject to the state court judgment and to assert a claim under the Anti-Terrorism Act. (Doc. No. 4, at 4;[1] *see* Doc. No. 1 (Complaint).)

## II. DISCUSSION

Fed. R. Civ. P 4(f) governs service on foreign parties. Rule 4(f) reads:[2]

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.
[2] While Rule 4(f) itself only covers serving *individuals* in a foreign country, Rule 4(h)(2) cross-references Rule 4(f) and provides the same rule for "corporation[s], partnership[s], or association[s]." Thus, the same rule applies.

2

      (C) unless prohibited by the foreign country's law, by:

          (i) delivering a copy of the summons and of the complaint to the individual personally; or

          (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). "The Hague Convention is the exclusive method of effecting service between signatories to the convention." *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-88, 2014 WL 1764704, at *1 (S.D. Ohio May 1, 2014) (citing *Kreimerman v. Casa Veerkamp S.A. de C. V.*, 22 F.3d 634, 643–44 (5th Cir. 1994)). Both China and the United States are signatories to the Hague Convention. *Lexmark Int'l, Inc. v. Ink Tech. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013); *see also* Status Table, HCCH Members, Hague Conference on Private International Law, https://www.hcch.net/en/states/hcch-members (last visited Dec. 18, 2023). Despite being a signatory to the Hague Convention, China "does not permit service by postal channels." *NOCO Co. v. Chang*, No. 1:18-cv-2561, 2020 WL 533021, at *3 (N.D. Ohio Feb. 3, 2020).

It is within the district court's discretion to permit alternative service of process under Rule 4(f)(3) because "the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir. 2003); *C & F Systems, LLC v. Limpimax, S.A.*, 2010 WL 65200, at *2 n.1 (W.D. Mich. 2010). "A district court, in exercising the discretionary power permitted by Rule 4(f)(3),

3

may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Midmark*, 2014 WL 1764704, at *1 (quoting *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D. Va. 2005)).

"Even if service by alternative means is appropriate under the Convention, service must still satisfy due process under the Constitution of the United States." *Midmark* at *1 (citing *Lexmark Int'l,* 295 F.R.D. at 261 (citing Fed. R. Civ. P. 4, Advisory Committee Note to Subdivision (f)(3) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law."))).

A.  **Service Upon Fujing Zheng Via Email**

Plaintiffs wish to serve Fujing Zheng through email. (Doc. No. 4, at 2.) China's objection to service via postal channels "does not represent an objection to other forms of service, such as email or publication." *Noco Co., Inc., v. Shenzhen Xinguodu Tech. Co., Ltd.*, 1:20-cv-2615, 2021 WL 4150533, at *5 (quoting *The NOCO Co. v. Khaustov*, 1:19-cv-196, 2019 WL 4218637, at *3 (N.D. Ohio Sept. 5, 2019) (internal citation and quotation marks omitted)). Furthermore, federal courts have repeatedly found that email service is not prohibited by the Hague Convention. *See Med. Protective Co. v. Ctr. for Adv. Spine Tech., Inc.*, No. 1:14-cv-5, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014) (citing *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174–75 (S.D. Ohio 2013) (collecting cases)). This method of service comports with due process. The email addresses plaintiffs have listed for Fujing Zheng were obtained from the Office of Foreign Assets Control (OFAC)'s Sanctions List. (*See* Doc. No. 4-1 (List of Email

4

Addresses).) Service of process using an email address found through a reliable source, such as OFAC's Sanctions List, is reasonably likely to reach defendants. *See Noco Co. v. Shenzhen Valuelink E-Commerce Co., Ltd.*, No. 1:20-cv-49, 2020 WL 11625817, at *2 (N.D. Ohio July 2, 2020) (authorizing service of Chinese defendant through email addresses which were obtained from the defendant's filings with the U.S. Patent and Trademark Office). Additionally, test emails were sent to the email addresses in question and were successfully delivered (*i.e.*, the emails did not bounce back or get marked as undeliverable) (Doc No. 4, at 9); *see NOCO Co.*, 2020 WL 533021, at *3 (authorizing service through Amazon's messaging center because messages sent to the defendant "did not 'bounce back'"). Furthermore, Zheng DTO regularly conducts business online. (*See* Doc. No. 1 ¶¶ 34, 38–50); *Aerodyn Engineering, LLC v. Fidia Co.*, No. 20-cv-10896, 2020 WL 3000509, at *2 (E.D. Mich. June 4, 2020) ("[S]ervice via email comports with principles of due process where the serving party has shown . . . that the party being served does business online and the identified emails are valid."). This method of service, therefore, does not deprive Fujing Zheng of due process.

B. Service Upon Chinese Nationals and Entities Through Publication

Plaintiffs propose service upon Chinese nationals Guanghua Zheng, Guifeng Cheng, Songyan Ji, Longbao Zhang, Guangfu Zheng, and upon Chinese entities Qinsheng and Global United, through publication in either the Akron Legal News or the International New York Times. (Doc. No. 4, at 2.) "[B]ecause [defendants'] physical address[es] [are] unknown despite [plaintiffs'] thorough attempts to discover [them]," the Hague Convention does not apply. *Noco Co.*, 2020 WL 11625817, at *2. China's Central Authority has determined that the physical addresses that were previously associated with the defendants are incorrect or no longer valid. (Doc. No. 4-2 ¶ 6.) While OFAC lists addresses for Qinsheng and Global Biotechnology (Doc.

5

No. 4, at 7), service attempts at those addresses in Rauh's state court case were unsuccessful. (Doc. No. 4-2 ¶ 6.) Service through publication may, therefore, be appropriate if it comports with due process.

Service of these defendants through publication is consistent with due process. Personal service and service through mail (assuming China had not objected to this method) "[are] impossible in this case" because defendants' "exact whereabouts are unknown." *See BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272–73 (E.D. Va. 2006) (authorizing service of foreign defendant through publication). Although plaintiffs identified email addresses for Guanghua Zheng, Qinsheng, and Global Biotechnology, test emails sent to those email addresses could not be delivered. (*See* Doc. No. 4-1.)

Federal courts have consistently found that service through publication comports with due process. *See, e.g.*, *Sec. & Exch. Comm'n v. Pithapurwala*, No. CV 21-9384, 2022 WL 2199939, at *3 (C.D. Cal. Mar. 11, 2022) (authorizing service through the International New York Times and email); *SEC v. China Sky One Med., Inc.*, No. CV12-07543, 2013 WL 12314508, at *2 (C.D. Cal. Aug. 20, 2013) (collecting cases and authorizing service via email and through publication in the predecessor to the International New York Times). Publication in the Akron Legal News comports with due process because it is "[d]esignated by the Federal, County and Municipal Courts as the Official Law Journal of Summit County, Ohio[,]" which is where Thomas Rauh died and where the Estate filed its state court case against defendants. (Doc. No. 4, at 11 (internal citations omitted).) Additionally, the International New York Times is circulated throughout the world and published an article covering the federal indictment against Fujing Zheng and Guanghua Zheng and their operation of Qinsheng. (*See* Doc. No. 4-3 (International NYT Article).) Furthermore, like the defendant in *U.S. Sec. & Exch. Comm'n v. Ieremenko*, No. CV19505, 2019 WL 13248864, at

6

*3 (D.N.J. May 6, 2019), the Zheng DTO "has been indicted by the United States in connection with the" foreign narcotics trafficking activities that led to this lawsuit, "making it more likely that [these defendants would be] aware of the instant suit." (Doc. No. 4-3, at 5.) Although publication in either the Akron Legal News or the International New York Times would comport with due process, in this particular case, the Court prefers that plaintiffs serve the individuals and entities listed above through publication in the International New York Times, rather than the Akron Legal News.

### C. Service Upon Qinsheng Through Facebook Messenger and Company Website

Finally, Plaintiffs propose serving Qinsheng through Facebook Messenger and the "Contact Supplier" feature on its website. (Doc. No. 4, at 2.) Like the other proposed methods, this method of service comports with due process.

As explained previously, it is not feasible for plaintiffs to reach Qinsheng via mail or email. Service via Facebook Messenger and the company website, however, is reasonably likely to reach Qinsheng. Plaintiffs assert that Qinsheng's Facebook page appears to be active and that Qinsheng appears to do business through its website. (*Id.* at 9.) Courts have found that service under similar circumstances complies with due process. For example, in *Noco Co.*, 2020 WL 11625817, at *2, a federal court approved service of process via Facebook messenger because it was "likely to be [one of] the most effective way[s] to apprise [d]efendant of the lawsuit." Similarly, in *Noco Co.*, 2020 WL 533021, at *3, a federal court allowed service via Amazon's messaging center on the basis that "online merchants depend[] on electronic communication . . . for [their] livelihood and often rely solely upon such means of communication in their interactions with customers" (internal citations and quotation marks omitted). For these reasons, this method of service is permissible in this case.

### III.     CONCLUSION

For the reasons stated, plaintiffs' Motion to Authorize Service of Process Through Alternative means (Doc. No. 4) is GRANTED. The Court directs plaintiffs to serve copies of all pleadings on Fujing Zheng via email; on Guanghua Zheng, Guifeng Cheng, Songyan Ji, Longbao Zhang, Guangfu Zheng, Qinsheng, and Global Biotechnology through publication in the International New York Times; and on Qinsheng through Facebook Messenger and the "Contact Supplier" function of Qinsheng's website. Should a defendant enter a formal appearance, *pro se* or by counsel, service shall revert to standard processes.

**IT IS SO ORDERED**.

Dated: December 19, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**